# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JAMES CARLOCK, on behalf of himself and
all others similarly situated,

        Plaintiff,

v

CITY OF HARPER WOODS, GLEN HEANEY,
MATTHEW CLOSURDO, DANIEL MCCAW,
GEORGE SPARKS, JAMES RUTHENBERG
and TED STAGER, in their individual
capacities as officers of the Harper Woods
Police Department; WAYNE COUNTY;
32A DISTRICT COURT,

        Defendants.

Case No. 24-11122
Hon. Judith E. Levy
Mag. Curtis Ivy, Jr.

| | |
|---|---|
| **SHEREEF H. AKEEL (P54345)** <br> **HASAN KAAKARLI (P81099)** <br> **HAYDEN PENDERGRASS (P86888)** <br> Akeel & Valentine, PLC <br> *Attorneys for Plaintiff* <br> 888 W Big Beaver, Suite 350 <br> Troy, MI 48084-4736 <br> (248) 269-9595 <br> shereef@akeelvalentine.com <br> hasan@akeelvalentine.com <br> hayden@akeelvalentine.com | **AUDREY J. FORBUSH  (P41744)** <br> Plunkett Cooney <br> Attorney for Defs *Harper Woods, Heaney, Closurdo, McCaw, Sparks, Ruthenberg and Stager and 32A District Court* <br> Plaza One Financial Center <br> 111 E. Court Street – Suite 1B <br> Flint, MI  48502 <br> (810) 342-7014 <br> aforbush@plunkettcooney.com |

## DEFENDANT 32A DISTRICT COURT'S MOTION FOR RECONSIDERATION OF ORDER STRIKING MOTION TO DISMISS AS UNTIMELY

Defendant 32A District Court moves for reconsideration of this Court's Order Striking Defendant's Motion to Dismiss as untimely (ECF No. 19)

pursuant to Fed. R. Civ. P. 54(b) and LR 7.1(h)(2)(A), as the Court made a mistake; correcting the mistake changes the outcome of the prior decision; and the mistake was based on the record and law before the Court at the time of the prior decision.

Respectfully submitted,

**PLUNKETT COONEY**

Dated: August 7, 2024

 */s/ Audrey J. Forbush*
Audrey J. Forbush (P41744)
PLUNKETT COONEY
Attorney for Defendants
111 E Court Street, Suite 1B
Flint, MI 48502
810-342-7014/810-232-3159-FAX
aforbush@plunkettcooney.com

Open.00560.41539.33943696-1

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JAMES CARLOCK, on behalf of himself and
all others similarly situated,

        Plaintiff,

v

CITY OF HARPER WOODS, GLEN HEANEY,
MATTHEW CLOSURDO, DANIEL MCCAW,
GEORGE SPARKS, JAMES RUTHENBERG
and TED STAGER, in their individual
capacities as officers of the Harper Woods
Police Department; WAYNE COUNTY;
32A DISTRICT COURT,

        Defendants.

Case No. 24-11122
Hon. Judith E. Levy
Mag. Curtis Ivy, Jr.

| | |
|---|---|
| SHEREEF H. AKEEL (P54345)<br>HASAN KAAKARLI (P81099)<br>HAYDEN PENDERGRASS (P86888)<br>Akeel & Valentine, PLC<br>*Attorneys for Plaintiff*<br>888 W Big Beaver, Suite 350<br>Troy, MI 48084-4736<br>(248) 269-9595<br>shereef@akeelvalentine.com<br>hasan@akeelvalentine.com<br>hayden@akeelvalentine.com | AUDREY J. FORBUSH (P41744)<br>Plunkett Cooney<br>Attorney for Defs *Harper Woods, Heaney, Closurdo, McCaw, Sparks, Ruthenberg and Stager and 32A District Court*<br>Plaza One Financial Center<br>111 E. Court Street – Suite 1B<br>Flint, MI 48502<br>(810) 342-7014<br>aforbush@plunkettcooney.com |

### **DEFENDANT 32A DISTRICT COURT'S BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER STRIKING MOTION TO DISMISS AS UNTIMELY**

# **TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS ................................................................................................i

TABLE OF AUTHORITIES ........................................................................................ ii

STATEMENT OF FACTS ........................................................................................... 1

ARGUMENT ............................................................................................................... 1

   I.   THIS COURT SHOULD GRANT RECONSIDERATION, RULE ON THE MERITS OF THE MOTION TO DISMISS FOR LACK OF JURISDICTION, AND GRANT THE MOTION TO DISMISS WHERE THE FEDERAL COURTS LACK JURISDICTION OVER 32A DISTRICT COURT AS AN ARM OF THE STATE OF MICHIGAN............................................ 1

RELIEF REQUESTED ................................................................................................ 5

# **TABLE OF AUTHORITIES**

**Page**

**CASES**

*Arbaugh v. Y&H Corp.*,
   546 U.S. 500, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006) ................................... 2

*Henricks v. Pickaway Corr. Inst.*,
   782 F.3d 744 (6th Cir. 2015) ................................................................................ 4

*In re Flint Water Cases*,
   960 F.3d 303 (6th Cir. 2020) ................................................................................ 3

*In re Lewis*,
   398 F.3d 735 (6th Cir. 2005) ................................................................................ 2

*Lopez v. Foerster*,
   791 F. App'x 582 (6th Cir. 2019) ......................................................................... 3

*Mingus v. Butler*,
   591 F.3d 474 (6th Cir. 2010) ................................................................................ 3

*P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, I*nc.,
   506 U.S. 139 (1993) ............................................................................................. 3

*Perna v. Health One Credit Union*,
   983 F.3d 258 (6th Cir. 2020) ................................................................................ 2

*Reed v. Rhodes*,
   179 F.3d 453 (6th Cir. 1999) ................................................................................ 3

*Summers v. Leis*,
   368 F.3d 881 (6th Cir. 2004) ................................................................................ 4

*Town of Smyrna v. Mun. Gas Auth. of Ga.*,
   723 F.3d 640 (6th Cir. 2013) ................................................................................ 3

**RULES**

Fed. R. Civ. P. 12(b)(1) .............................................................................................. 1, 2

## STATEMENT OF FACTS

On July 25, 2024 Defendant 32A District Court filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) on the basis of Eleventh Amendment sovereign immunity. As an arm of the State of Michigan the federal courts lack jurisdiction over Defendant 32A District Court. On July 29, 2024 this Court issued a pro forma Order striking the Motion to Dismiss as untimely, (ECF No. 19), which had the effect of denying the Motion to Dismiss.

Defendant 32A District Court now brings this Motion for Reconsideration.

## ARGUMENT

   I.   **THIS COURT SHOULD GRANT RECONSIDERATION, RULE ON THE MERITS OF THE MOTION TO DISMISS FOR LACK OF JURISDICTION, AND GRANT THE MOTION TO DISMISS WHERE THE FEDERAL COURTS LACK JURISDICTION OVER 32A DISTRICT COURT AS AN ARM OF THE STATE OF MICHIGAN.**

This Court denied the Motion to Dismiss filed by Defendant 32A District Court on the basis of lack of jurisdiction without reaching the merits of the jurisdictional issue raised in the motion. The Courts pro forma order checked the box labeled "Other." The notation "Untimely (See, ECF No. 17)" followed. ECF No. 17 is a stipulated order extending to July 18, 2024 the deadline for Defendant 32A District Court to respond to Plaintiff's Complaint. Respectfully,

the Court made a mistake in denying the Motion to Dismiss under Rule 12(b)(1) for lack of timeliness; correcting the mistake changes the outcome of the prior decision; and the mistake was based on the record and law before the Court at the time of the prior decision.

A motion to dismiss for lack of jurisdiction may be brought at any time. This axiomatic statement has been endorsed by the United States Supreme Court and the Sixth Circuit. "The objection that a federal court lacks subject-matter jurisdiction, see Fed. Rule Civ. Proc. 12(b)(1), may be raised by a party, or by a court on its own initiative, **at any stage in the litigation**, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506, 126 S. Ct. 1235, 1240, 163 L. Ed. 2d 1097 (2006) (emphasis added).

"A party challenging the court's jurisdiction should instead file a motion to dismiss for lack of jurisdiction, a motion that **may be filed at any time**. Fed. R. Civ. P. 12(b)(1), (h)(3)." *Perna v. Health One Credit Union*, 983 F.3d 258, 274 (6th Cir. 2020) (emphasis added). "The existence of subject matter jurisdiction **may be raised at any time**, by any party, or even sua sponte by the court itself." *In re Lewis*, 398 F.3d 735, 739 (6th Cir. 2005) (emphasis added).

While the Defendant is cognizant of, and fully respects, the Court's discretion to manage its docket, *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir.

2

1999), "district courts should not in most circumstances prevent parties from filing motions authorized by the Federal Rules." *Lopez v. Foerster*, 791 F. App'x 582, 586 (6th Cir. 2019). This is especially true when the motion is one that challenges the Court's authority to exercise jurisdiction over a party. The Defendant also points out that ruling on the merits of the motion to dismiss will not unduly delay the progression of the case, as the motion to dismiss filed by Wayne County is scheduled for hearing by the Court on December 19, 2024. (ECF No. 12).

Judicial economy will also be served by granting the motion for reconsideration and ruling on the merits of the motion to dismiss. Denial of Eleventh Amendment immunity is immediately appealable under the collateral order doctrine. "It is well-settled that the collateral order doctrine gives us jurisdiction over appeals of the denial of Eleventh Amendment sovereign immunity." *Town of Smyrna v. Mun. Gas Auth. of Ga.*, 723 F.3d 640, 645 (6th Cir. 2013), citing *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, I*nc., 506 U.S. 139, 142–144, 147 (1993), and *Mingus v. Butler*, 591 F.3d 474, 481 (6th Cir. 2010). *In re Flint Water Cases*, 960 F.3d 303, 322 (6th Cir. 2020) ("The collateral order doctrine also provides us with jurisdiction over the City of Flint's and Governor Whitmer's interlocutory appeals from the district court's denial of Eleventh Amendment sovereign immunity.")

3

While the Court issued an order striking the motion to dismiss rather than denying the motion, the Sixth Circuit treats such an order as a denial for purposes of the collateral order doctrine.

"This Court finds that the district court's refusal to address the merits of the defendant's motion asserting qualified immunity constitutes a conclusive determination for the purposes of allowing an interlocutory appeal." *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004). See also, *Henricks v. Pickaway Corr. Inst.*, 782 F.3d 744, 750 (6th Cir. 2015) (Holding that a district court's finding that the defendant has waived qualified immunity gave the Sixth Circuit jurisdiction to consider an appeal under the collateral order doctrine).

In the event the Court denies the motion for reconsideration 32A District Court can appeal the effective denial of its motion to dismiss for lack of jurisdiction to the Sixth Circuit. The Sixth Circuit could rule on the merits of the Eleventh Amendment immunity defense, or it might choose to remand the matter to this Court to consider the issue on the merits. In either case the Defendant submits that the best use of judicial resources would be for this Court to grant the motion for reconsideration and rule on the merits of the motion to dismiss for lack of jurisdiction.

4

## RELIEF REQUESTED

The Defendant 32A District Court respectfully requests this Court grant its motion for reconsideration, accept its motion to dismiss for filing, and rule on the merits of the motion to dismiss for lack of jurisdiction.

Respectfully submitted,

**PLUNKETT COONEY**

Dated:  August 7, 2024

*/s/ Audrey J. Forbush*
Audrey J. Forbush (P41744)
PLUNKETT COONEY
Attorney for Defendants
111 E Court Street, Suite 1B
Flint, MI 48502
810-342-7014/810-232-3159-FAX
aforbush@plunkettcooney.com

## CERTIFICATE OF SERVICE

I do hereby certify that on the 7th day of August, 2024, I filed the foregoing document and this Certificate of Service with the Clerk of the Court using the electronic court filing system, which will send notification of such filing to all Counsel of Record.

*/s/Michelle A. Sheppard*
MICHELLE A. SHEPPARD
PLUNKETT COONEY

Open.00560.41539.33943727-1