UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMES CARLOCK, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF HARPER WOODS, et al., <br><br> Defendants. | Case No. 24-cv-11122 <br><br> Honorable Robert J. White |

**ORDER GRANTING DEFENDANT 32A DISTRICT COURT'S MOTION FOR RECONSIDERATION**

James Carlock commenced this putative 42 U.S.C. § 1983 class action against, among others, Michigan's 32A District Court for imposing unlawful bail conditions that resulted in his pretrial detention without probable cause. The Court received this case on reassignment from another district judge. (Aug. 13, 2024 Text-Only Order Pursuant to Administrative Order 24-AO-020).

Before the Court is 32A District Court's motion for reconsideration of the previous district judge's July 29, 2024 order striking its motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) as untimely. (ECF Nos. 19, 21). The Court will decide the motion without a hearing pursuant to E.D. Mich. LR 7.1(h)(3).

A party seeking reconsideration of a non-final order must demonstrate that "[t]he court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision." E.D. Mich. LR 7.1(h)(2)(A).

Although it failed to adhere to a stipulated order setting the timeframe for filing a responsive pleading, 32A District Court's Rule 12(b)(1) motion was predicated upon Eleventh Amendment immunity, which "sounds in subject-matter jurisdiction." *WCI, Inc. v. Ohio Dep't of Pub. Safety*, 18 F.4th 509, 513 (6th Cir. 2021); *see also Crump v. Blue*, 121 F.4th 1108, 1113 (6th Cir. 2024) (holding that "[d]ismissals under Eleventh Amendment immunity . . . come under Rule 12(b)(1), which covers dismissals for 'lack of subject-matter jurisdiction.'"). And the "existence of subject matter jurisdiction may be raised at *any time*, *by any party*, or even *sua sponte* by the court itself." *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 904 (6th Cir. 2006) (emphasis added); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines *at any time* that it lacks subject-matter jurisdiction, the court must dismiss the action.") (emphasis added).

So 32A District Court is correct – the previous district judge made a mistake of law when she struck the Rule 12(b)(1) motion as untimely. Accordingly,

2

IT IS ORDERED that 32A District Court's motion for reconsideration (ECF No. 21) is granted.

IT IS FURTHER ORDERED that the previous district judge's July 29, 2024 order striking the Rule12(b)(1) motion as untimely (ECF No. 19) is vacated.

IT IS FURTHER ORDERED that 32A District Court is directed to refile its Rule 12(b)(1) motion within seven days of the entry of this order.

IT IS FURTHER ORDERED that any subsequent response or reply briefs must be filed in accordance with the timeframes specified in E.D. Mich. LR 7.1(e)(2).

Dated: June 17, 2025                              s/ Robert J. White
                                                  Robert J. White
                                                  United States District Judge

3