UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES CARLOCK, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

CITY OF HARPER WOODS, et al.,

    Defendants.

Case No. 24-cv-11122

Honorable Robert J. White

**OPINION AND ORDER GRANTING 32A DISTRICT COURT'S MOTION TO PARTIALLY DISMISS THE COMPLAINT**

I.    Introduction

James Carlock commenced this putative 42 U.S.C. § 1983 class action against, among others, Michigan's 32A District Court. The complaint alleges that Chief Judge Rebekah Coleman's bail orders and the court's arraignment policies and practices violate the Fourteenth Amendment to the United States Constitution.

Before the Court is 32A District Court's motion to dismiss the claims asserted against it in the complaint. (ECF No. 24). Carlock responded in opposition. (ECF No. 26). 32A District Court filed a reply. (ECF No. 27). The Court will decide the motion without a hearing pursuant to E.D. Mich. LR 7.1(f)(2). For the following reasons, the motion is granted.

II.  Background

    A.  *Factual History*

Harper Woods detectives arrested Carlock in July 2021 after he allegedly doused his then-girlfriend with gasoline and lit her arm on fire. (ECF No. 1, PageID.9-10, 13, ¶¶ 21, 26, 40). The Wayne County Prosecutor's Office charged him with, among other things, assault with intent to murder. (*Id.*, PageID.15, ¶ 49; ECF No. 11-2, PageID.155). Carlock pleaded not guilty at his arraignment. (ECF No. 1, PageID.18, ¶ 58; ECF No. 11-2, PageID.55). 32A District Court Chief Judge Rebekah Coleman set a secured cash bond condition in the amount of $150,000. (ECF No. 1, PageID.18, ¶ 61; ECF No. 11-3, PageID.159). Carlock asserts that Chief Judge Coleman never evaluated his financial "ability to post a bond," his risk of flight, whether he posed an unreasonable risk of danger to the community, or whether "non-financial" conditions would ameliorate these risks. (ECF No. 1, PageID.19, 22, ¶¶ 64, 79).

Chief Judge Coleman retained the secured cash bond conditions after binding Carlock over to the Wayne County Circuit Court. (*Id.*, PageID.19, ¶ 67). The state circuit court maintained those bond conditions pending trial. (*Id.*, ¶ 68).

A jury acquitted Carlock of all the charged offenses on September 28, 2023 after a four-day trial. (*Id.*, PageID.21, ¶ 75; ECF No. 11-2, PageID.157). By that

2

time, he had spent over two years in pretrial detention at the Wayne County Jail because he could not afford to post bond. (ECF No. 1, PageID.21, 26, ¶¶ 76, 95-96).

    B.    *Procedural History*

Carlock filed this 42 U.S.C. § 1983 lawsuit alleging both individual and putative classwide causes of action. The individual claims are asserted solely against the City of Harper Woods and the police officers who arrested Carlock and investigated the charged offenses. (*Id.*, PageID.49-61, ¶¶ 153-214).

The classwide claims are asserted against Wayne County and 32A District Court.[1] Carlock contends that Chief Judge Coleman's bail orders violate the Fourteenth Amendment's Equal Protection Clause, as well as substantive and procedural due process guarantees, because she fails to make an individualized determination about each defendant's ability to pay bail, their risk of flight and danger to the community, and whether any non-financial conditions would address these risks. (*Id.*, PageID.22, 24-25, 62-70, ¶¶ 79, 88-90, 215-38).

32A District Court now moves to dismiss these classwide claims (Class Counts 1-3) on the ground that the Eleventh Amendment to the United States Constitution bars Carlock from obtaining injunctive relief against the court. (ECF No. 24).

---

[1] The Court already dismissed Wayne County from this lawsuit. (ECF No. 25).

III.   Legal Standards

Fed. R. Civ. P. 12(b)(1) provides for the dismissal of an action where the district court lacks subject matter jurisdiction.  Rule 12(b)(1) motions for lack of subject matter jurisdiction may challenge either (1) the facial sufficiency of the pleading itself, or (2) the factual grounds for invoking subject matter jurisdiction. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).  Facial challenges address whether the pleading alleges a basis for subject matter jurisdiction.  The Court views the pleading's allegations as true and construes them in the light most favorable to the nonmoving party. *Id.*

"Dismissals under Eleventh Amendment immunity . . . come under Rule 12(b)(1), which covers dismissals for lack of subject-matter jurisdiction." *Crump v. Blue*, 121 F.4th 1108, 1113 (6th Cir. 2024) (quotation omitted); *see also WCI, Inc. v. Ohio Dep't of Pub. Safety*, 18 F.4th 509, 513 (6th Cir. 2021) (stating that Eleventh Amendment immunity "sounds in subject-matter jurisdiction.").  And the party "asserting Eleventh Amendment immunity has the burden to show that it is entitled to immunity, *i.e.*, that it is an arm of the state." *Lowe v. Hamilton County Dep't of Job & Family Servs.*, 610 F.3d 321, 324 (6th Cir. 2010) (quotation omitted); *see also Gragg v. Ky. Cabinet for Workforce Dev.*, 289 F.3d 958, 963 (6th Cir. 2002).

IV.     Analysis

The Eleventh Amendment to the United States Constitution prohibits a suit brought in federal court against a state, its agencies, or state officials acting in their official capacities unless the state has expressly waived its sovereign immunity or unequivocally consented to be sued. U.S. Const. amend. XI; *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Cady v. Arenac County*, 574 F.3d 334, 342-43 (6th Cir. 2009). The State of Michigan has not waived its sovereign immunity or consented to be sued in federal court. *Johnson v. Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004); *see also Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).

The question presented here is whether 32A District Court is an "arm of the state" and, therefore, entitled to Eleventh Amendment immunity from Carlock's suit. In *Pucci v. Nineteenth Dist. Court*, 628 F.3d 752, 762 (6th Cir. 2010), the United States Court of Appeals for the Sixth Circuit expressly held that "Michigan's district courts, including the Nineteenth District Court, are arms of the state for sovereign-immunity purposes." That means Eleventh Amendment immunity precludes lawsuits against Michigan district courts "for injunctive, declaratory or monetary relief." *Morgan v. Bd. of Prof'l Responsibility of the Supreme Court of Tennessee*, 63 F.4th 510, 515 (6th Cir. 2024) (quotation omitted); *see also Dolan v. City of Ann Arbor*, 407 F. App'x 45, 46-47 (6th Cir. 2011) (affirming dismissal of Michigan's

5

Fifteenth District Court on Eleventh Amendment immunity grounds); *Brownlee v. 41B Dist. Ct.*, No. 24-12745, 2025 U.S. Dist. LEXIS 186874, at *9-15 (E.D. Mich. Sep. 23, 2025) (holding that Michigan's 41B District Court is entitled to Eleventh Amendment immunity).

Carlock resists this outcome. He maintains that the constitutional claims asserted against 32A District Court fall within the *Ex parte Young*, 209 U.S. 123 (1908) exception to Eleventh Amendment immunity. According to *Ex parte Young*, "suits against state *officials* seeking equitable relief for ongoing violations of federal law are not barred by the Eleventh Amendment." *Morgan*, 63 F.4th at 515 (quotation omitted) (emphasis added). But Carlock is not suing state officials in their official capacity for ongoing violations of federal law. He instead named the district court itself as a party defendant. And *Ex parte Young*'s exception to Eleventh Amendment immunity is inapplicable to claims asserted against state entities as opposed to state officials. *See Morgan*, 63 F.4th at 517 ("One prerequisite for the *Ex parte Young* exception to apply is that the claimant must explicitly allege that a state official acted in her official capacity."); *see also Long v. Tennessee*, 744 F. App'x 945, 946 (6th Cir. 2018) (holding that the plaintiff's "failure to allege an official-capacity claim against a state official prevents him from availing himself of the *Ex parte Young* exception.").

Because Eleventh Amendment immunity bars Carlock's classwide claims against 32A District Court (Class Counts 1-3), those causes of action are subject to Rule 12(b)(1) dismissal. Accordingly,

IT IS ORDERED that 32A District Court's motion to partially dismiss the complaint (ECF No. 24) is granted.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to terminate 32A District Court from the docket as a party defendant to this action.

Dated: November 20, 2025          s/ Robert J. White
                                                      Robert J. White
                                                      United States District Judge