UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES CARLOCK,

     Plaintiff(s),

v.

CITY OF HARPER WOODS, et al.,

     Defendant(s).

Case No. 24-cv-11122

Honorable Robert J. White

## STIPULATED PROTECTIVE ORDER

**THIS MATTER** having come before this Honorable Court upon stipulation of counsel for Plaintiff and for Defendants, and the Court being otherwise fully advised in the premises:

**IT IS HEREBY ORDERED** that any and all records, reports, and other materials which have been or may be produced by the parties in this matter including but not limited to (a) City of Harper Woods internal policies and procedures, (b) City of Harper Woods training records, (c) City of Harper Woods general orders, (d) Defendants' training records, (e) City of Harper Woods training materials, (f) official police reports and/or internal investigation documents and (g) any and all video and/or audio recordings to the extent they exist shall be subject to the following conditions:

1.  The documents and materials subject to this protective order shall be used solely and exclusively for the purposes of the instant lawsuit and can be used in any and all court filings, judicial proceedings, depositions, alternative dispute resolution proceedings, trial, and/or any other judicially related proceedings.

2.  The documents and materials subject to this protective order shall not be used in or for any other case, proceeding, dispute, or for any commercial, business, or competitive purpose whatsoever.

3.  The documents and materials subject to this protective order may be reviewed by Counsel for the parties, Counsels' staff, those individuals associated with the activities cited in subparagraph (1), including clients, court staff, mediators, facilitators, and such experts and/or consultants as Counsel deems necessary for purposes of this litigation.

4.  The documents and materials provided pursuant to this Protective Order may be disclosed only to those individuals and/or entities identified in this protective order and must be used only by those individuals and/or entities identified in this protective order and must only be used for purposes of this litigation.

5.  This order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file under seal any paper or other matter in any civil case pursuant to this section shall file and serve a motion or stipulation

that sets forth (i) the authority for sealing; (ii) an identification and description of each item proposed for sealing; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and, if a party files a motion *only*, (v) a memorandum of legal authority supporting the seal. See Local Rule 5.3. No party shall file or otherwise tender to the Clerk any item proposed for sealing unless the Court has entered an order allowing filing under seal.

6. Nothing in this Protective Order shall be construed to restrict the use, dissemination, or disclosure of documents or materials that are: (a) publicly available prior to or independently of this litigation; (b) obtained lawfully from a public agency or through a public records request; or (c) not designated confidential under any applicable law.

**IT IS FURTHER ORDERED** that nothing in this protective order shall prevent a party from filing a Motion for Modification of the Protective Order.

**IT IS FURTHER ORDERED** that this protective order shall survive and remain in full force and effect until the entry of final judgment (including any appellate proceedings) in this case, whether by settlement or litigation unless otherwise ordered by the Court.

**IT IS FURTHER ORDERED** that the documents and materials produced

under the protective order do not constitute an admission and/or agreement that any such document is admissible as evidence in this case.  Determinations of evidence admissibility will be made by the Court in separate proceedings.

**IT IS FURTHER ORDERED** that the documents and materials produced pursuant to this protective order shall be destroyed by Plaintiff's and/or Defendants' Counsel after final disposition (including all appeals) of the case except any documents attached to any pleadings filed with the court, deposition exhibits, or other pleadings.

SO ORDERED.

Dated: March 10, 2026                              s/Robert J. White                              
                                                   Robert J. White
                                                   United States District Judge

**STIPULATED TO:**

*/s/ w/ permission Hasan Kaakarli*
Hasan Kaakarli (P81099)
Attorney for Plaintiff

*/s/ Audrey J. Forbush*
Audrey J. Forbush (P41744)
Attorney for Defendants